# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FRANK TERALD HOGUE, II,     )
                                )
        Petitioner,       )
                                )
        v.                 )         1:15CR37-2
                                )         1:16CV1079
UNITED STATES OF AMERICA,    )
                                )
        Respondent.      )

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Court (per Chief United States District Judge William L Osteen, Jr.) entered a Judgment against Petitioner imposing, <u>inter alia</u>, a prison term of 72 months, as a result of his guilty plea to conspiracy to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). (Docket Entry 46; <u>see also</u> Docket Entry dated Mar. 4, 2015 (documenting guilty plea); Docket Entry 71 (Sent'g Hrg. Tr.).)[1] Petitioner thereafter filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"). (Docket Entry 72.) The Court (per the undersigned Magistrate Judge) directed the United States to respond by November 14, 2016. (Docket Entry 73.) Before that deadline passed, the United States moved for an extension of time to respond. (Docket Entry 74.) The Court (per the

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case.

undersigned Magistrate Judge) granted the requested extension. (Text Order dated Nov. 10, 2016.) Petitioner now has moved for reconsideration and for summary judgment. (Docket Entry 75.)

To the extent Petitioner seeks reconsideration of the Text Order extending the time for the United States to respond on the ground that the Court did not await his response to the request by the United States before allowing the extension, the undersigned Magistrate Judge declines to reconsider because Petitioner has not offered any legitimate reason for refusing the timely-submitted and entirely reasonable extension request made by the United States. To the contrary, Petitioner has focused on his belief that he possesses a meritorious collateral claim (and deserves prompt relief[2]), but without providing any authority that such a belief precludes the Court from allowing the United States additional time to respond to his collateral claim. (See id. at 1-3.) Beyond his assurance in the righteousness of his cause, Petitioner merely asserts that "[i]f [he] were one day late because he was too busy attending to other matters as is the claim of the government the [C]ourt would not grant him an extension of time but swiftly move to dismiss his case for procedural reasons." (Id. at 2-3.) That

---

[2] Notably, the Court entered the Judgment at issue on September 16, 2015 (see Docket Entry 46 at 1), but Petitioner waited nearly a full year (until August 19, 2016) before signing and mailing his Section 2255 Motion (see Docket Entry 72 at 9). That fact tends to undercut Petitioner's implicit suggestion that his collateral claim merits particularly urgent attention.

assertion does not warrant reconsideration of the extension granted for at least two reasons.  First, the United States was not "one day late," but instead (as documented above) sought (and obtained) an extension of time before the deadline passed.  Second, the undersigned Magistrate Judge routinely grants extensions of time to pro se prisoners who make timely requests for such relief, without awaiting any response from the opposing side.

Finally, Petitioner appears to seek summary judgment based on the contention that "[t]he government did not object to an [sic] claim raised by [him in his Section 2255 Motion] therefore leaving no fact in question."  (Id. at 2; see also id. ("[S]ince the government failed to answer in the time provided by the [C]ourt all facts claimed by the Petitioner are now facts of the case which in their totality make the judgment against him void. . . .  The government did not produce any evidentiary matter to counter the claims of the Petitioner.").)  That argument ignores the fact that the United States timely obtained an extension of time to respond. Accordingly, the United States has not forgone its opportunity to object to any claim presented by Petitioner in his Section 2255 Motion. Moreover, Petitioner's "default judgment" theories have no application in this context.  See United States v. Manriques, Nos. 1:10CR440-1, 1:13CV444, 2013 WL 5592191, at *2 (M.D.N.C. Oct. 10, 2013) (unpublished) (citing cases), recommendation adopted, slip op. (M.D.N.C. Dec. 31, 2013).

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Reconsideration (Docket Entry 75) is **DENIED.**

**IT IS RECOMMENDED** that Petitioner's Motion for Summary Judgment (Docket Entry 75) be denied.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

November 28, 2016

4